Michael Robert Graybill
5610 Berkeley Road
Goleta, CA 93117
Michael.R.Graybill@gmail.com
(805) 698-0542

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
10/17/23
CENTRAL DISTRICT OF CALIFORNIA
BY: CS DEPUTY

MICHAEL ROBERT GRAYBILL,

    *Plaintiff,*

Vs.

NATIONAL SECURITY AGENCY (NSA),

CENTRAL INTELLIGENCE AGENCY (CIA),

    *Defendant,*

CV23-8754-MEMF(JCx)

### I. INTRODUCTION

This action is brought in accordance with the Freedom of Information Act 5 U.S.C. § 552a(4)(B) and the Privacy Act which allows for an individual to bring a civil action in the event that his request for access to personnel records is denied or subverted 5 U.S.C. § 552a(g)(1)(B).

### II. PARTIES

The Plaintiff is Michael Robert Graybill, an American citizen in good standing in the community.

The Defendant, the National Security Agency, is a federal agency that is a part of the Department of Defense.

The Defendant, the Central Intelligence Agency, is a federal agency responsible for maintaining an intelligence record system that contains surveillance and personal information records that directly pertain to the Plaintiff.

III. FACTUAL BACKGROUND

On October 5th 2023, the Plaintiff submitted a Privacy Act (PA) request to the Defendant, the NSA, for the timely disclosure of any and all documentation pertaining to Michael Robert Graybill and his personal information. On October 11th 2023 the Defendant responded to the PA request case 117244, in a letter that stated that a search of their "comprehensive security filing systems" was conducted and that since their records reflect that the Plaintiff has never been affiliated with the NSA, no records would be produced. The letter goes on to discuss exemptions from the production of documents under the Freedom of Information Act utilizing a "Glomar" response. The Defendant, the NSA, further stated that in reference to the personal documentation being requested, the NSA could not confirm nor deny the existence of any documents pertaining to the Plaintiff because disclosure would presuppose that surveillance was or was not being conducted on the Plaintiff.

On October 5th 2023, the Plaintiff submitted the same Privacy Act request to the Defendant, the CIA, verbatim. The Plaintiff was given a confirmation ID# of 888521 per his successfully submitted request to the CIA. However, the Defendant, the CIA, has not acknowledged, responded, or made any attempt to satisfy the Plaintiff's request within the allotted 20 day time limit set forth in 5 CFR § 2411.8(a).

IV. CAUSE OF ACTION: ACCESS

As aforementioned, the PA allows for the private right of action when access to documentation held by a government agency that contains a citizen's personal information

such as their name, is denied or subverted after access is requested. As put forward in 5 U.S.C. § 552a(d)(1) "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence."

  The Defendant, the NSA's, response to the Plaintiff's PA request is improper because it directly assumes that the only instances where documentation would be subject to disclosure is if the Plaintiff was directly affiliated with the NSA. However, the Privacy Act clearly states that an individual has the right to request, review, and amend any and all documentation pertaining to them in the responding agency's systems of records. Furthermore, any document containing a unique personal identifier such as the Plaintiff's name or even a photograph of the Plaintiff would be subject to review upon request via the PA 5 U.S.C. § 552a(a)(4). The Defendant, the NSA, incorrectly presumed based on their definition of 'affiliated' that all of their records pertaining to the Plaintiff are exempt from disclosure.

  The NSA's use of the Glomar response is a violation of the Plaintiff's right under the PA to request, review, and amend, any and all documentation and use thereof containing the Plaintiff's personal information. The Defendant, the NSA, argued that a terrorist could request information via the PA in order to discern whether or not they were under surveillance or they had evaded it. However, this argument bankrupts the spirit of the PA entirely. The Privacy Act was enacted after the Watergate and Counterintelligence Program (COINTELPRO) scandals involving illegal surveillance and sought to restore trust in government. In the words of the

bill's principal sponsor, Judiciary Chairman Senator Sam Ervin, "[i]f we have learned anything in this last year of Watergate, it is that there must be limits upon what the Government can know about each of its citizens."[1] The Plaintiff has a right set forth in the PA to request, review, and amend, the records being collected and stored by the Defendants pertaining to the Plaintiff, especially if surveillance is being conducted. The PA was written as a check on illegal government surveillance programs, therefore any and all personal information that was collected and the surveillance means by which it was collected, must be disclosed to the Plaintiff per his request. The federal government has a duty to disclose any and all information that may be harmful to a citizen if not disclosed.

V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant the following relief:

1) A judgment that the Defendants cannot withhold ANY documents pertaining to the Plaintiff or his personal information for any reason and that federal surveillance programs are subject to Privacy Act requests.

2) A Court Order demanding that the Defendants allow the Plaintiff to review the documents they have collected on him, with an attorney present and be allowed to make copies with no limitations or redactions.

Respectfully Submitted,

*[signature]*

Dated: 10/17/2023

Michael Robert Graybill

---

[1] See S. Comm. on Gov't. Operations & H.R. Comm. on Gov't. Operations, 94th Cong., Legislative History of the Privacy Act of 1974 S. 3418 (Public Law 93-579): Source Book on Privacy at 4 (Comm. Print 1976) [hereinafter Source Book], https://www.justice.gov/opcl/paoverview_sourcebook.