O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRAYBILL,<br><br>               Plaintiff,<br><br>     v.<br><br>NATIONAL SECURITY AGENCY, et al.,<br><br>               Defendants. | Case No.: 2:23-cv-08754-MEMF-JC<br><br>**ORDER GRANTING MOTION TO DISMISS [ECF NO. 28] AND DENYING MOTION FOR SANCTIONS [ECF NO. 42]** |

     Before the Court is the Motion to Dismiss filed by Defendants National Security Agency and Central Intelligence Agency. ECF No. 28. For the reasons stated herein, the Court hereby GRANTS the Motion to Dismiss.

/ / /

/ / /

**SUMMARY OF ORDER FOR PRO SE PLAINTIFF MICHAEL GRAYBILL**

You filed this lawsuit on October 17, 2023, alleging that Defendants have withheld requested documentation that is not exempt from disclosure under the Freedom of Information Act and the Privacy Act. Defendants have moved to dismiss your case for lack of subject matter jurisdiction arguing that the information you requested is exempted, and have submitted affidavits to support their reasons for the classification. Therefore, you must provide evidence that shows the reasons given in Defendants' affidavits are insufficient or that they are acting in bad faith. On this type of motion, the Court must consider evidence, not just allegations. As you have not provided any, the Order will therefore explain why it is granting Defendants' Motion to Dismiss further below and will discuss legal authority that supports this conclusion.

Although you are a *pro se* litigant (meaning you do not have an attorney), you still have to follow Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including you. There is a free "*Pro Se* Clinic" that can provide information and guidance about bringing a lawsuit in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

///

**ORDER ON MOTION TO DISMISS**

I. **Background**

    A. **Factual Allegations**[1]

On October 5, 2023, Plaintiff Michael Graybill submitted a Privacy Act request to Defendant National Security Agency ("NSA") for the timely disclosure of any and all documentation pertaining to Graybill and his personal information. Compl. at 2. On October 11, 2023, NSA responded to the request stating that after conducting a search, their records reflected that Graybill had never been affiliated with the NSA, so no records would be produced. *Id.*[2] In particular, the NSA claimed an exemption from the production of documents under the Freedom of Information Act ("FOIA") using a "Glomar" response[3]—neither confirming nor denying the existence of any documents because disclosure would presuppose that surveillance was or was not being conducted on Graybill. *Id.*

On October 5, 2023, Graybill submitted the same Privacy Act request to Defendant Central Intelligence Agency ("CIA"). *Id.* However, the CIA has not acknowledged, responded, or otherwise responded to Graybill's request. *Id.*[4]

    B. **Procedural History**

On October 17, 2023, Graybill filed his Complaint against Defendants alleging a cause of action for access to certain documentation under the FOIA and the Privacy Act. *See generally* Compl. On July 9, 2024, Defendants filed the instant Motion to Dismiss. ECF No. 28 (the "Motion"). On August 26, 2024, Graybill filed his opposition and "cross motion for summary

---

[1] All facts stated herein are taken from the allegations in Plaintiff's Complaint unless otherwise indicated. ECF No. 1 ("Compl."). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

[2] The Court has summarized the allegations as set forth in the Complaint. The Court notes, however, that it appears that the actual responses—attached by the Defendants to their Motion—asserted that to the extent that Graybill's request called for records that were not intelligence records or classified information, a search was conducted and no records were located. *See* ECF No. 28-1 at 16, 28; 28-2 at 28.

[3] The Court has summarized the allegations as set forth in the Complaint. The Court notes, however, that it appears the actual responses—attached by the Defendants to their Motion—only claimed the exemption to the extent the request called for intelligence records or classified information. *Id.*

[4] The Court notes that it appears the CIA did acknowledge and respond to Graybill's request, although it is unclear whether Graybill received the responses. *See* ECF No. 28-2 at 18, 28.

judgment."[5] ECF No. 33 ("Opposition"). On September 3, 2024, Defendants filed their reply. ECF No. 35 ("Reply"). On October 29, 2024, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 41; *see also* C.D. Cal. L.R. 7-15.[6]

## II. **Applicable Law**

Under the FOIA, "federal jurisdiction is dependent upon a showing that an agency has (1) improperly (2) withheld (3) agency records." *See Kissinger v Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (internal quotations omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. In the context of a 12(b)(1) motion, the plaintiff bears the burden of establishing Article III standing to assert the claims. *Id.* Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Moreover, the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply with equal force to Article III standing when it is being challenged on the face of the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (applying *Iqbal*). Thus, in terms of Article III standing, the complaint must allege "sufficient factual matter, accepted

---

[5] Graybill requests a finding that there are no genuine disputes "concerning the Defendants' unlawful surveillance, hacking, impersonation of federal authorities, and obstruction of judgment," thus warranting summary judgment, immediate disclosure of all documents, confirmation of whether he is a target of any other investigations, injunctive relief, and a hearing for sanctions. Opposition at 24–25. The Court DENIES the cross motion for summary judgment as it is not in compliance with the Court's Standing Order for filing motions for summary judgment. Civil Standing Order at 8.

[6] On October 31, 2024, Graybill filed a Motion for Sanctions against counsel for Defendants without meeting and conferring. ECF No. 42 ("Sanctions Motions"). On November 4, 2024, Defendants filed an opposition. ECF No. 43 ("Sanctions Opp."). The Court denies the Sanctions Motion based on Graybill's failure to abide by Local Rule 7-3, but regardless finds the motion unmeritorious. The Sanctions Motion argues that counsel for Defendants misrepresented her status as an attorney, unlawfully accessed Graybill's email account, and has manipulated court proceedings. *See* Sanctions Motion. Graybill has submitted no evidence supporting any of these claims—rather, as the Court has previously reiterated, the orders issued on the docket are from this Court, including the order taking this matter under submission.

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation and quotation marks omitted). The court need not accept the allegations in the complaint as true. *Safe Air for Everyone*, 373 F.3d at 1039. The Court's review of evidence beyond the pleadings on a factual attack of subject matter jurisdiction does not convert the motion into a summry judgment. *Id.* The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Leite*, 749 F.3d at 1121.

### III. Discussion

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1), asserting that Graybill cannot show that this Court has subject matter jurisdiction because he cannot show that Defendants have improperly withheld agency records under FOIA. The "FOIA entitles private citizens to access government records," but in addition to nine exemptions that the government may invoke, "a government agency may issue a 'Glomar Response,' that is, refuse to confirm or deny the existence of certain records, if the FOIA exemption would itself preclude the acknowledgment of such documents." *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). "The agency resisting disclosure of requested information has the burden of proving the applicability of an exemption," a burden which may be met "by submitting a detailed affidavit showing that the information 'logically falls within the claimed exemptions.'" *Id.* "In evaluating a claim for exemption, a district court must accord 'substantial weight' to CIA affidavits, provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of CIA bad faith.'" *Id.* Defendants bring their Motion asserting that the Glomar responses given to Graybill fall under FOIA exemptions 5 U.S.C. § 552(b)(1) and (b)(3), as well as Privacy Act Exemptions (k)(1) and (j)(1). As explained next, the Court finds that the information requested is exempt from disclosure, and that the Glomar

responses were appropriate. Accordingly, Graybill has failed to show subject matter jurisdiction and his complaint must be dismissed under Rule 12(b)(1).

5 U.S.C. § 552(b)(1) provides an exemption from disclosure to matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and [] are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Defendants argue that Graybill's request in part calls for intelligence records[7] that qualify for exemption under E.O. 13526, which provides classification "under section 1.4 of Executive Order 13,526 which protects, among other things . . . 'intelligence activities [and] intelligence sources or methods . . .'" *Hamden v. U.S. Dept. of Justice*, 797 F.3d 759, 773 (9th Cir. 2015).

Although Graybill asserts that a Glomar response "is an extraordinary response that should be used sparingly," and that "[c]ourts have rejected broad applications" of the response, Opposition at 17–18, he has failed to show that the Glomar response here was inappropriate. To the contrary, the Court finds that the Defendants have logically justified the potential harm from disclosure, that this justification falls under the scope of E.O. 13526, and therefore a Glomar response is appropriate here. In particular, the NSA has submitted a declaration explaining that acknowledging the existence or nonexistence of responsive records on particular individuals or organizations, if responded to on a collective level, "would provide adversaries with critical information about the capabilities and limitations of the NSA," "to the detriment of the national security of the United States." *See* ECF No. 28-1 ("Newman Decl.") ¶¶ 22–23. The CIA has submitted a declaration explaining that it consistently refuses to confirm or deny the existence or nonexistence of requested records "where the existence of responsive records appears to be of little consequence or when the CIA does not possess responsive records," because to do otherwise would be "tantamount to an admission that such records existed and would thereby undermine the very information the CIA is obligated to

---

[7] It does not appear that Graybill is disputing Defendants' assertion that no documents reflecting a public affiliation with Defendants exist—rather, Graybill's claim appears to specifically take issue with the categorization of documents outside of a public affiliation with the agencies as classified and Defendants' "use of the Glomar response" to resist disclosure of such. *See* Compl. at 3.

protect in the interest of national security." ECF No. 28-2 ("Williams Decl.") ¶ 21. As the Court does not find any evidence of bad faith or contrary evidence on the record, the Court must give "substantial weight" to these declarations. *See Minier*, 88 F.3d at 800; *see also Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992) (finding Glomar response appropriate where an affidavit "explain[s] the Agency's conclusion that a Glomar response is required to protect intelligence sources and methods").

Graybill also argues that Section 1.7(a)[8] prevents classification of the information "[d]ue to the crimes committed againt [him] by [Defendants]," as it prevents classification of information "in order to conceal violations of law," among other "government misconduct." Opposition at 11–12, 19.[9] However, there are no allegations supporting any crime or other misconduct in Graybill's Complaint.[10] Therefore, the Court does not find that Section 1.7(a) applies to prohibit classification under Section 1.4.

Accordingly, the Court finds the Glomar response appropriate in Defendants' responses to Graybill.[11] As the Court finds that Defendants' Glomar response appropriate, the Court does not find that an in camera review of any documents is warranted. The Court also does not address Graybill's allegations regarding illegal surveillance, hacking, impersonation of federal authorities, and

---

[8] Graybill cites this as Section 1.6(a), but the section quoted is from Section 1.7(a).

[9] The Government states that Section 1.7 is expressly limited to "information that does not require protection in the interest of national security," but that limitation is only in subsection (a)(4), and does not appear to apply to the other subsections. Reply at 3.

[10] To the extent that the Court considers the additional allegations in Graybill's opposition for purposes of considering allowing leave to amend, the Court does not find they are sufficient to survive a factual challenge to subject matter jurisdiction. In a factual challenge, the Court does not "need to presume the truthfulness of [a plaintiff's] allegations," and it would be Graybill's burden to furnish the necessary *evidence* to establish subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 at n.2 (9th Cir. 2003). Graybill has not done so here, as he relies solely on allegations set forth in his briefing.

[11] The Court therefore need not reach whether § 552(b)(3) and the Privacy Act provides additional grounds for exemption, which Graybill fails to address in his briefing. However, the Court notes that the Ninth Circuit has observed that (b)(3)'s statutory exemption "give[s] the CIA a near-blanket FOIA exemption," and thus the exemption would likely cover the CIA's response here. *Hunt*, 981 F.2d at 1120.

obstruction of justice which Graybill asserts requests immediate relief as the Court does not find them relevant to the issues raised on this Motion.[12]

### IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss WITHOUT LEAVE TO AMEND.[13]

IT IS SO ORDERED.

Dated: January 3, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[12] The Court has previously denied Graybill's ex parte applications based on similar allegations. *See* ECF Nos. 22, 39.

[13] Although leave to amend is generally granted freely, a court need not do so when amendment would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Here, the Court has considered the additional proposed allegations set forth in Graybill's briefing. Even considering those allegations, his claim still fails. Accordingly, the Court finds that any amendment to this pleadings would be futile. *See* fn. 13, *supra*.

8